UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> S&L BUILDERS, LLC, STEVE CHUPP, ) <br> WANETA CHUPP and MATTHEW R. ) <br> SCHWARTZ, ) <br> ) <br> Defendants. ) | Case No. 3:19-cv-1026 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Westfield Insurance Company ("Westfield"), by counsel, for its Complaint for Declaratory Judgment against S&L Builders, LLC, Steve Chupp, Waneta Chupp, and Matthew R. Schwartz, states as follows:

### I.      PARTIES & JURISDICTION

1.      Plaintiff, Westfield, is a corporation organized and existing under the laws of the State of Ohio, having its principal place of business located at 1 Park Circle, Westfield Center, Ohio 44251.  Westfield is a citizen of the State of Ohio.  At all times material hereto, Westfield was duly authorized to transact the business of insurance within the State of Indiana.

2.      Defendant, S&L Builders, LLC ("S&L"), is a limited liability company.  The members of S&L are Steve Chupp, a citizen of the State of Indiana residing in Bristol, Indiana, and Waneta Chupp, a citizen of the State of Indiana residing in Bristol, Indiana, and as such, S&L is a citizen of Indiana.

3.      Defendant Steve Chupp ("Steve") is a citizen of the State of Indiana residing in Bristol, Indiana.

4. Defendant Waneta Chupp ("Waneta") is a citizen of the State of Indiana residing in Bristol, Indiana. Steve and Waneta, collectively, where appropriate, are referred to as the "Chupps".

5. Defendant Matthew R. Schwartz ("Schwartz") is a citizen of the State of Indiana residing in Bremen, Indiana.

6. Westfield delivered the insurance policies at issue to its named insured, S&L, in Elkhart County, Indiana.

7. The incident for which S&L and the Chupps have sought coverage under the polices at issue took place in Marshall County, Indiana.

8. The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

9. Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332(a).

10. Venue lies in this Court pursuant to 28 U.S.C. §1391(b)(2).

11. This Court has personal jurisdiction over S&L, Steve, Waneta, and Schwartz.

## I.  FACTUAL ALLEGATIONS

12. Westfield incorporates the allegations contained within Paragraphs 1 through 11 above by reference as if fully set forth herein.

13. Westfield issued its Commercial Package Policy No. CWP 4 954 852 to S&L, as the named insured, effective December 2, 2016 through December 2, 2017 (the "Policy"). A true and accurate copy of the Policy is attached hereto as **Exhibit A**.

14. The Policy was renewed for the policy period of December 2, 2017 through December 2, 2018 (the "Renewal"). A true and accurate copy of the Renewal is attached hereto as

**Exhibit B**.  The Policy and the Renewal, where appropriate, are collectively referred to as the "POLICIES".

15. On August 27, 2018, Schwartz filed his Complaint for Damages (the "Complaint") against S&L, Steve, and Waneta in the following legal proceedings: *Matthew R. Schwartz, Plaintiff, v. S&L Builders, LLC, Steve Chupp, and Waneta Chupp, Defendants*, Cause No. 20D05-1808-PL-000192, Elkhart Superior Court 5, Elkhart County, Indiana (the "Lawsuit").  On December 15, 2018, and the Lawsuit was transferred to Elkhart Superior Court 6, where it is pending as Cause No. 20D06-1808-PL-000192. A true and accurate copy of the Complaint is attached hereto as **Exhibit C**.

16. The Complaint asserts the following causes of action against S&L, Steve and/or Waneta:

   Count I - Trespass, Intentional Infliction of Emotional Distress - against Waneta and S&L;

   Count II - Breach of Contract - Capital Account - against S&L and the Chupps;

   Count III - Breach of Contract - Profit Sharing/Membership Interest Repurchase - against S&L and the Chupps;

   Count IV - Breach of Contract - Failure to Pay for Services Rendered - against S&L and the Chupps;

   Count V - Breach of Fiduciary Duty - against the Chupps;

   Count VI - Unjust Enrichment - against S&L and the Chupps.

17. On December 12, 2018, S&L and the Chupps filed their Defendant's [sic] Counterclaim against Schwartz in the Lawsuit (the "Counterclaim").

18. On July 16, 2019, almost one (1) year after the Complaint was filed, the Chupps, through their counsel, notified Westfield of the Complaint and requested that Westfield defend, and if necessary, indemnify, S&L and the Chupps against the Lawsuit.

19. On October 9, 2019, issued a denial to S&L and the Chupps.

### III.   THE COVERAGE DISPUTE

20. Westfield incorporates the allegations contained within Paragraphs 1 through 19 of this Complaint by reference as if fully set forth herein.

A.   **THE POLICIES' CGL BI/PD COVERAGE**

21. The POLICIES' Commercial General Liability ("CGL") Bodily Injury And Property Damage ("BI/PD") insuring agreement provides, in relevant part:

> *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*
>
> > *(1) The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and*
> >
> > *(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*
>
> *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.*
>
> *b. This insurance applies to "bodily injury" and "property damage" only if:*

4

> *(1) The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the coverage territory;*
>
> *(2) The "bodily injury" or "property damage" occurs during the policy period; and*
>
> *(3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period*

***

22.     The POLICIES define the term "bodily injury" as follows:

*"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".*

23.     The POLICIES define the term "property damage" in relevant part as follows:

*"Property damage" means:*

***a.*** *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

***b.*** *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

***

24.     The POLICIES define the term "occurrence" as follows:

*"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

25.     The POLICIES' CGL BI/PD coverage includes the following Expected or Intended Injury Exclusion:

5

*2. Exclusions*

*This insurance does not apply to:*

*a. Expected Or Intended Injury*

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

(the "Expected or Intended Injury Exclusion").

26. The POLICIES' CGL BI/PD coverage includes the following "Personal and Advertising Injury" Exclusion:

*2. Exclusions*

*This insurance does not apply to:*

*o. Personal And Advertising Injury*

*"Bodily injury" arising out of "personal and advertising injury".*

(the "PAI Exclusion").

27. Count I of the Complaint does not allege any "bodily injury" during the Policy period.

28. Count I of the Complaint does not allege any "property damage" during the Policy period.

29. The Complaint does not allege "bodily injury" under the POLICIES' CGL BI/PD coverage.

30. The Complaint does not allege "property damage" under the POLICIES' CGL BI/PD coverage.

31. The Complaint does not allege an "occurrence" under the POLICIES' CGL BI/PD coverage.

6

32. Schwartz's claim for punitive damages does not qualify as "damages" because of "bodily injury" or "property damage".

33. Indiana public policy prohibits S&L and the Chupps from insuring themselves against Schwartz's claim for punitive damages.

34. Schwartz's intentional infliction of emotional distress ("IIED") claim in Count I is subject to the POLICIES' GCL BI/PD Expected or Intended Injury Exclusion.

35. To the extent that any allegation in the Complaint asserts a "personal and advertising injury" offense, any such claim is subject to the POLICIES' CGL BI/PD PAI Exclusion.

B.   **THE POLICIES' CGL PAI COVERAGE**

36. The POLICIES' CGL Personal and Advertising Injury Liability ("PAI") insuring agreement provides, in relevant part:

> a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may at our discretion investigate any offense and settle any claim or "suit" that may result. But:*
>
> *(1) The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and*
>
> *(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*
>
> *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.*
>
> b. *This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.*

7

37.     The POLICIES define the term "personal and advertising injury" as follows:

*"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*

*a. False arrest, detention or imprisonment;*

*b. Malicious prosecution;*

*c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;*

*d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*

*e. Oral or written publication, in any manner, of material that violates a person's right of privacy;*

*f. The use of another's advertising idea in your "advertisement"; or*

*g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".*

*h. Discrimination or humiliation that results in injury to the feelings or reputation of a natural person, but only if such discrimination or humiliation is:*

  *(1) Not done intentionally by or at the direction of:*

  *(a) The insured; or*

  *(b) Any "executive officer", director, stockholder, partner, member or manager (if you are a limited liability company) of the insured;*

  *(2) Not directly or indirectly related to the employment, prospective employment, past employment or termination of employment of any person or persons by any insured.*

38.     On January 29, 2018, S&L was not the owner, landlord or lessor of Schwartz's residence or the property on which Schwartz's residence was located.

39. On January 29, 2018, Waneta was not the owner, landlord or lessor of Schwartz's residence or the property on which Schwartz's residence was located.

40. On January 29, 2018, Steve was not the owner, landlord or lessor of Schwartz's residence or the property on which Schwartz's residence was located.

41. Count I of the Complaint does not allege any PAI offense committed during the Policy period.

42. The Complaint does not allege an enumerated PAI offense.

43. Count I of the Complaint does not allege a PAI offense that arises out of S&L's business.

C. **VOLUNTARY PAYMENTS AND PRE-TENDER COSTS AND EXPENSES**

44. The POLICIES includes the following voluntary payment provision:

*2. Duties In The Event Of Occurrence, Offense, Claim Or Suit*

\*\*\*

*d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.*

\*\*\*

45. The Complaint was filed on August 27, 2018.

46. S&L and the Chupps did not notify Westfield of the Complaint until July 16, 2019, nearly one year after it was filed.

47. Westfield has no duty under the POLICIES to indemnify S&L and/or the Chupps for any voluntary payments or expenses or cost incurred by them prior to July 16, 2019, the date they tendered the defense and indemnification of the Lawsuit to Westfield.

9

**D.     COSTS ASSOCIATED WITH PROSECUTING THE COUNTERCLAIM**

48.     S&L and the Chupps filed their Counterclaim against Schwartz on December 12, 2018.

49.     Any attorney's fees, costs or expenses incurred by S&L and/or the Chupps in prosecuting the Counterclaim against Schwartz are not costs of defense under the POLICIES.

### IV.     COUNT FOR DECLARATORY JUDGMENT

50.     Westfield incorporates the allegations contained within Paragraphs 1 through 50 of this Complaint by reference as if fully set forth herein.

51.     An actual controversy exists between the parties hereto concerning whether Westfield has a duty under the POLICIES' CGL BI/PD coverage to defend S&L, Steve, and Waneta against the Lawsuit:

   (a)    S&L, Steve, and Waneta contend that Westfield has a duty under the Policy's CGL BI/PD to defend S&L, Steve, and Waneta against the Lawsuit;

   (b)    Westfield contends that it does not have a duty under the Policy's CGL BI/PD to defend S&L, Steve, and Waneta against the Lawsuit; and

   (c)    Schwartz has been joined in this action by virtue of his interest in the resolution of the duty to defend issue.

52.     An actual controversy exists between the parties hereto concerning whether Westfield has a duty under the POLICIES' CGL BI/PD coverage to indemnify S&L, Steve, and Waneta against the Lawsuit:

   (a)    S&L, Steve, and Waneta contend that Westfield has a duty under the Policy's CGL BI/PD to indemnify S&L, Steve, and Waneta against the Lawsuit;

(b) Westfield contends that it does not have a duty under the Policy's CGL BI/PD to indemnify S&L, Steve, and Waneta against the Lawsuit; and

(c) Schwartz has been joined in this action by virtue of his interest in the resolution of the duty to indemnify issue.

53. An actual controversy exists between the parties hereto concerning whether Westfield has a duty under the POLICIES' CGL PAI coverage to defend S&L, Steve, and Waneta against the Lawsuit:

(a) S&L, Steve, and Waneta contend that Westfield has a duty under the Policy's CGL PAI to defend S&L, Steve, and Waneta against the Lawsuit;

(b) Westfield contends that it does not have a duty under the Policy's CGL PAI to defend S&L, Steve, and Waneta against the Lawsuit; and

(c) Schwartz has been joined in this action by virtue of his interest in the resolution of the duty to defend issue.

54. An actual controversy exists between the parties hereto concerning whether Westfield has a duty under the POLICIES' CGL PAI coverage to indemnify S&L, Steve, and Waneta against the Lawsuit:

(a) S&L, Steve, and Waneta contend that Westfield has a duty under the Policy's CGL PAI to indemnify S&L, Steve, and Waneta against the Lawsuit;

(b) Westfield contends that it does not have a duty under the Policy's CGL PAI to indemnify S&L, Steve, and Waneta against the Lawsuit; and

(c) Schwartz has been joined in this action by virtue of his interest in the resolution of the duty to indemnify issue.

WHEREFORE, Westfield respectfully requests that the Court enter an Order:

(a) Declaring that Westfield has no duty under the Policy's CGL BI/PD coverage to defend S&L, Steve, and Waneta against the Lawsuit;

(b) Declaring that Westfield has no duty under the Policy's CGL BI/PD coverage to indemnify S&L, Steve, and Waneta against the Lawsuit;

(c) Declaring that Westfield has no duty under the Policy's CGL PAI coverage to defend S&L, Steve, and Waneta against the Lawsuit;

(d) Declaring that Westfield has no duty under the Policy's CGL PAI coverage to indemnify S&L, Steve, and Waneta against the Lawsuit;

(e) Awarding Westfield its costs; and

(f) Granting Westfield such further relief as the Court deems just and proper.

Dated: November 11, 2019

Respectfully submitted,

*Linda L. Vitone*
Linda L. Vitone, Atty. No. 23389-29
FISHER MAAS HOWARD LLOYD & WHEELER, P.C.
9765 Randall Drive, Suite F
Indianapolis, IN 46280
(317) 578-1900; (317) 578-1330 fax
E-mail:  lvitone@fishermaas.com

*Counsel for Westfield Insurance Company*