UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WESTFIELD INSURANCE COMPANY,

    Plaintiff,

v.

S&L BUILDERS, LLC *et al.*,

    Defendants.

CAUSE NO. 3:19-CV-1026 DRL-MGG

OPINION & ORDER

Steve and Waneta Chupp and S&L Builders, LLC contend that Westfield Insurance Company has a duty under a commercial insurance policy to defend and indemnify them in a lawsuit filed by Matthew Schwartz in Indiana state court. Westfield filed this action late last year seeking a declaration that it owes neither a defense nor indemnity. S&L Builders and the Chupps filed a counterclaim against Westfield alleging two contract claims for the policy's breach and one count for breach of good faith.

Westfield now seeks to bifurcate the counterclaims and stay discovery on the bad faith claim. Because bifurcating the issues would not avoid prejudice to either party or promote judicial economy, the court denies the bifurcation motion. Given the straightforward nature of the issues, and the skill of briefing by all parties, the court also denies the request for oral argument.

Under Fed. R. Civ. P. 42(b), the court "may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for "convenience, to avoid prejudice, or to expedite and economize." The ultimate decision to bifurcate under Rule 42(b) remains discretionary. *Houseman v. United States Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). The moving party has the burden to show that bifurcation is appropriate. *Montgomery v. Am. Family Ins. Co.*, 2010 U.S. Dist. LEXIS 46995, 4 (N.D. Ind. May 11, 2010) (Simon, J.).

This circuit has adopted a three-step test to analyze bifurcation: "[f]irst, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy. Only one of these criteria—avoidance of prejudice or judicial economy—need be met before a court can order separation," *Houseman*, 171 F.3d at 1121; next, "the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party," *id.*; and finally, "separate trials must not be granted if doing so would violate the Seventh Amendment," *id.*

Here, Westfield says bifurcation of the coverage dispute and bad faith claim promotes judicial economy because the coverage dispute can be decided based on the policy's interpretation and applicable case law alone, whereas the bad faith claim will require extensive discovery. The insurance company argues that the court should not spend its time and resources on the bad faith claim when it will necessarily fail if there is no coverage. Westfield further argues that it will be prejudiced by partaking in more extensive discovery, including discovery of privileged communications, otherwise unnecessary to resolve the initial question of coverage. Were the case to proceed to trial, Westfield says any presentation of evidence relating to the bad faith claim will imply that Westfield acted in a way that necessitates punitive damages.

A vast number of federal decisions in this district have decided against bifurcating insurance coverage breach of contract claims from bad faith claims, and the court sees no reason to deviate here. The insurance coverage and bad faith claims will overlap. *See McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 870-71 (7th Cir. 1994) (same conclusion); *see also Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind. 1993) (recognizing that these two theories, though distinct, often overlap in "elements, defenses and recoveries"); *Balzer v. Am. Family Ins. Co.*, 2009 U.S. Dist. LEXIS 46366, 8 (N.D. Ind. June 2, 2009) (Rodovich, J.) ("substantial overlap exists between the evidence relating to the breach of contract claim and the negligence and bad faith claims"). Bifurcation offers then no economy to this proceeding in its development in discovery and toward trial.

To that point, the current discovery plan reflects a rather modest endeavor. Each party agreed to limit their discovery to 4 depositions, 25 interrogatories, and 25 admission requests. This discovery plan covers all claims. It is by no means extensive. Rather than promote economy, bifurcation will detract from the orderly conduct of discovery and development of claims and defenses. It would result in redundancy and in some cases duplicative or unnecessary expenditures of client and court resources to facilitate two separate discovery processes and potentially two trials. Westfield hasn't met its burden of showing how bifurcation will promote a more efficient result.

Westfield also hasn't shown that bifurcation will avoid prejudice to any of the parties. The production of reserve information, underwriting files, and personnel files, appropriately tailored under Fed. R. Civ. P. 26, isn't alone prejudicial here. *See Smith v. PHH Mortg. Corp.*, 2015 U.S. Dist. LEXIS 91351, 10-12 (N.D. Ind. June 22, 2015) (Collins, J.); *see also Montgomery*, 2010 U.S. Dist. LEXIS 46995 at 4–5; *Balzer,* 2009 U.S. Dist. LEXIS 46366 at 6-7. The federal rules also already address the discovery of privileged information that may concern Westfield. *See* Fed. R. Civ. P. 26(b)(1). While the scope of discovery may be modestly broader, such remains the nature of overlapping yet distinct claims that proceed in discovery together in all manner of federal cases all the time. Indeed, doing so here promotes an efficient discovery process, settlement discussion, summary judgment briefing, and the remainder of the pretrial process. The court has tools in its toolbox to address any perceived prejudice, including for instance proportional discovery, protective orders, and eventually jury instructions. Westfield's case for prejudice is speculative. Just because a procedural mechanism may be more beneficial to the insurance company, it doesn't mean the inverse process must be prejudicial.

Westfield presumes a win on the coverage question will obviate work on the bad faith claim, but that isn't necessarily true. First, Westfield may lose the coverage question, leaving in the lurch the bad faith claim and the inefficient make-up work that will need to be done to bring the case to its natural final conclusion. Second, and without knowing what discovery will reveal, Westfield is wrong

that, as a general rule, the bad faith claim will necessarily rise or fall solely on the coverage question. *See Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 976-77 (Ind. 2005); *Klepper v. ACE Am. Ins. Co.*, 999 N.E.2d 86, 98 (Ind. Ct. App. 2013).

Westfield hasn't met its burden to establish a sound basis for bifurcation in this case. Denying its motion without prejudice and permitting these claims to be developed together remains not just the common practice in Indiana federal courts but a sensible one, and particularly so given the circumstances here. *See Montgomery*, 2010 U.S. Dist. LEXIS 46995 at 2 ("separate trials for each claim would not be conducive to expedition and economy, and [the insurer's] risk of prejudice is purely speculative at this point"); *Smith*, 2015 U.S. Dist. LEXIS 91351 at 7-8 ("it would be premature at this stage of the proceedings to find that [the plaintiff's] bad faith claim is entirely dependent on her breach of contract claim"); *Balzer*, 2009 U.S. Dist. LEXIS 46366 at 8 ("substantial overlap exists between the evidence relating to the breach of contract claim and the negligence and bad faith claims"); *Jones v. Travco Ins. Co.*, 2014 U.S. Dist. LEXIS 49438, 6 (S.D. Ind. Apr. 9, 2014) ("Bifurcation, however, is expensive to the court—as well as to the parties."); *Home Fed. Sav. Bank v. Ticor Title Ins. Co.*, 2010 U.S. Dist. LEXIS 130718, 1 (S.D. Ind. Dec. 9, 2010) (insurer "hasn't established that bifurcation either promotes judicial economy or else is necessary to prevent it from suffering prejudice at trial"); *Trinity Homes, LLC v. Regent Ins. Co.*, 2006 U.S. Dist. LEXIS 24017, 8 (S.D. Ind. Mar. 20, 2006) ("coverage and bad faith issues are often inextricably intertwined such that bifurcation of discovery of these issues would serve little or no purpose and would not advance judicial or other economies").

Accordingly, the court DENIES Westfield's motion to bifurcate without prejudice (ECF 25) and its motion for oral argument (ECF 26).

SO ORDERED.

June 17, 2020                                              *s/ Damon R. Leichty*
                                                                       Judge, United States District Court